(No. 5141— 

JANE A. JONES, a Minor, by HELEN BETTY MCCONNELL, her Mother and Next Friend, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 13, 1967.*

WILLIAM R. GUNNER, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; JOHN C. CONNERY, Special Assistant Attorney General, for Respondent.

Dove, J.

This is an action brought by Jane A. Jones, a Minor, by Helen Betty McConnell, her Mother and Next Friend, to recover damages for items of personal property, which were destroyed by vandalism and burning by three inmates of the Dixon State School.

In July, 1963, claimant was living with her husband in a farm house located near the Dixon State School. The farm was known as the Ortgiesen place, and claimant and her husband were the only occupants. Upon returning from a drive-in movie on the night of July 8, 1963, claimant found the house vandalized. Claimant and her husband then moved in with claimant's mother, Helen Betty McConnell, and, on August 4, 1963, while claimant and her husband were so residing with claimant's mother, three inmates from the Dixon State School, Stanley Pastewski, Robert Coker and George Horn came on to the Ortgiesen place and set fire to the house, completely destroying the house and its contents.

A Departmental Report was filed herein, which stated:

"On August 4, 1963, Stanley Pastewski, Robert Coker and George Horn, all three patients of the Dixon State School, while on unauthorized absence from the institution set afire a farm home, which was the property of Clinton Ortgiesen, and as the result of such fire certain personal property belonging to James and Jane Jones, tenants, was damaged and destroyed. An inventory of the items damaged or destroyed was submitted to the Dixon State School."

The case of *Dixon Fruit Company, et al,* vs. *State of Illinois,* 22 C.C.R. 271, presented facts almost identical to those in the instant case. The Court held that a finding of negligence is preliminary to an award in a case involving damage from an escaped inmate, since the State is not an insurer. In that case an inmate of the

Dixon State School was allowed to wander at will, although he had a record disclosing that he was a mental defective, and possessed a history of previous escapes and of incendiarism. He was kept in a cottage, which not a maximum security cottage, escaped from the school grounds, and burned a truck. In holding that the State was negligent, the Court declared:

"It appears to us that respondent should have exercised more restrictive control over the movements of this particular patient. It does not seem reasonable to us that a known mental defective, with an exhibited tendency toward incendiarism, should have been allowed to wander at will without supervision in an institution wherein there were no restraining walls or other means of controlling his movements. This is especially so in view of the institution's location with respect to the City of Dixon, wherein the property of many persons would be jeopardized by the activities of such a patient.

"It is, therefore, our finding that respondent was negligent in failing to take further measures in controlling the activities of this particular patient, and should, therefore, respond in damages. *Malloy* vs. *State of Illinois*, 18 C.C.R. 137."

The records of the institution and the testimony of the officials show that the inmates, Pastewski, Coker and Horn, had histories of delinquency prior to their committment to the Dixon State School, and that Pastewski had previously set fire to his mattress while an inmate, and had also set fire to a house in 1951. *Curran* vs. *State of Illinois*, 21 C.C.R. 278. We conclude that respondent was negligent in allowing the inmates to escape.

The Commissioner found that the damage to the contents of the house amounted to $500.00.

It is, therefore, the judgment of this Court that claimant be awarded the sum of $500.00.